# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Steven M. Larimore
Court Administrator * Clerk of Court

299 East Broward Boulevard
Fort Lauderdale, Florida 33301
(954)769-5403



January 24, 2008

PHILIP BURTON
UNITED STATES COURTHOUSE
16TH FLOOR
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102-3434
415-522-2000
IN RE:  USA vs. RANDY W. GOLDBERG
Our Case No: 08-6014-SNOW
Your Case No: CR-07-00788-07-JF


Dear Fellow Clerk:

Please find enclosed our original Magistrate file and a copy of the
docket sheet which is being transferred to your jurisdiction
pursuant to an Order of Removal (Rule 40).  Any cash bond which
may have been posted will be forwarded at a later date from the
Financial Section of this District.

Please acknowledge receipt on the copy of this letter.

Respectfully,

STEVEN M. LARIMORE
COURT ADMINISTRATOR/CLERK OF COURT

by: _____
    Aaron Tijerino/Deputy Clerk

Receipt acknowledged by: _____

                  Print Name:_____

                  Title:_____

                  Date: _____

---

*The Mission of the Clerk's Office for the Southern District of Florida is to be the mechanism
for the judges, the bar, litigants, and the public, to resolve disputes in a just and efficient manner.*

CLOSED, LSS

# U.S. District Court
## Southern District of Florida (Ft. Lauderdale)
## CRIMINAL DOCKET FOR CASE #: 0:08-mj-06014-LSS-ALL
### Internal Use Only

Case title: USA v. Goldberg

Date Filed: 01/17/2008

Assigned to: Magistrate Judge Lurana
S. Snow

**Defendant**

**Randy W. Goldberg** (1)
*DOB *1970* USMS 77541-004*

represented by **Steven Elliot Chaykin**
Akerman Senterfitt
One Southeast Third Avenue
28th Floor
Miami, FL 33131
305-982-5665
Fax: 305-374-5095
Email: steven.chaykin@akerman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Temporary

**Pending Counts**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Highest Offense Level (Terminated)**

None

**Complaints**

18:371.F CONSPIRACY TO
DEFRAUD THE UNTIED STATES

**Disposition**

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By
Deputy Clerk
Date 1-24-08

**Disposition**

**Disposition**

**Plaintiff**

**USA**                                    represented by **Robin Waugh-Farretta**
                                                          United States Attorney's Office
                                                          500 E Broward Boulevard
                                                          7th Floor
                                                          Fort Lauderdale, FL 33301-3002
                                                          954-660-5692
                                                          Fax: 356-7336
                                                          Email: robin.waugh@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/17/2008 | ⑨1 | REMOVAL OF INDICTMENT FROM OTHER DISTRICT (ND/CA) as to Randy W. Goldberg (1). (at) Modified on 1/17/2008 (at). (Entered: 01/17/2008) |
| 01/17/2008 | ⑨2 | Report Commencing Criminal Action as to Randy W. Goldberg - DOB: **/**/*1970* Prisoner #: 77541-004 (at) (Entered: 01/17/2008) |
| 01/17/2008 | ⑨3 | Order on Initial Appearance as to Randy W. Goldberg for proceeding held on 1/17/2008 Removal Hearing set for 1/18/2008 01:00 PM in Fort Lauderdale Division before Magistrate Judge Lurana S. Snow. Report Re: Counsel Hearing set for 1/18/2008 01:00 PM in Fort Lauderdale Division before Magistrate Judge Lurana S. Snow. (Signed by Magistrate Judge Lurana S. Snow on 1/17/08.) (at) (Entered: 01/17/2008) |
| 01/17/2008 | ⑨4 | Minute Entry for proceedings held before Judge Lurana S. Snow :Initial Appearance in Rule 5(c)(3) Proceedings as to Randy W. Goldberg held on 1/17/2008. Deft advised of charges. (Tape #LSS-08-003-1400-1600/2200-2283.) (at) (Entered: 01/17/2008) |
| 01/17/2008 | ⑨ | Arrest of Randy W. Goldberg (at) (Entered: 01/17/2008) |
| 01/18/2008 | ⑨5 | Minute Entry for proceedings held before Judge Lurana S. Snow :Report Re: Counsel Hearing as to Randy W. Goldberg held on 1/18/2008, Detention Hearing as to Randy W. Goldberg held on 1/18/2008. PTD AND REMOVAL HEARINGS SET FOR 1/23/08 @ 10:30 AM BEFORE JUDGE ROSENBAUM (Tape #LSS-08-003-2563-2980.) (at) (Entered: 01/18/2008) |
| 01/23/2008 | ⑨6 | Minute Entry for proceedings held before Judge Robin S. Rosenbaum :Detention Hearing as to Randy W. Goldberg NOT held on 1/23/2008, Removal Hearing as to Randy W. Goldberg NOT held on 1/23/2008. Removal hearing not held, deft files waiver of hearing, PTD not held, parties agreed to bonds. $1 Million PSB with three cosignors and a $300,000 10% cash bond. All conditions met and deft released today. Deft to report to ND of CA on 2/6/08 at 9:30 a.m. before Judge Tumble and @ 10:00 a.m. before Judge Fogel. (Tape #RSR-08-002-424-673.) (at) (Entered: 01/24/2008) |
| 01/23/2008 | ⑨7 | $300,000 10% PSB Bond Entered as to Randy W. Goldberg Receipt # |

| | | |
|---|---|---|
| | | 220749. Approved by Judge Robin S. Rosenbaum Special Conditions: Surrender all passports and travel documents to the Pretrial Services Office;Report to Pretrial Services as directed;Submit to substance abuse testing and/or treatment as directed by Pretrial Services;Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance;Maintain or actively seek full-time employment;Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;Refrain from possessing a firearm, destructive device or other dangerous weapons;Home Confinement Program;May travel to and from location and must notify Pretrial Services of travel plans before leaving and upon return.;Comply with additional conditions of bond; ***Please refer to bond for conditions of release ***** (at) (Entered: 01/24/2008) |
| 01/23/2008 | 8 | $1,000,000 PSB Bond Entered as to Randy W. Goldberg Approved by Judge Robin S. Rosenbaum Special Conditions: Surrender all passports and travel documents to the Pretrial Services Office;Report to Pretrial Services as directed;Submit to substance abuse testing and/or treatment as directed by Pretrial Services;Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance;Maintain or actively seek full-time employment;Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;Refrain from possessing a firearm, destructive device or other dangerous weapons;Home Confinement Program;May travel to and from location and must notify Pretrial Services of travel plans before leaving and upon return.;Comply with additional conditions of bond; *** Please refer to bond for conditions of release **** (at) (Entered: 01/24/2008) |
| 01/23/2008 | 9 | ORDER OF REMOVAL as to Randy W. Goldberg (Signed by Magistrate Judge Robin S. Rosenbaum on 1/23/08.) (at) (Entered: 01/24/2008) |
| 01/23/2008 | 10 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Steven Elliot Chaykin appearing for Randy W. Goldberg (at) (Entered: 01/24/2008) |
| 01/23/2008 | 11 | WAIVER OF REMOVAL HEARING of Rule 5(c)(3) Hearing by Randy W. Goldberg (at) (Entered: 01/24/2008) |
| 01/24/2008 | 12 | Transmittal Letter as to Randy W. Goldberg sent to ND CALIFORNIA with Originals and Certified Copy of Docket Sheet (at) (Entered: 01/24/2008) |
| 01/24/2008 | | ***Set/Clear Flags as to Randy W. Goldberg (at) (Entered: 01/24/2008) |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**APPEARANCE BOND: 1 Million PSB**

**CASE NO.:** 08-6014-mj-LSS

UNITED STATES OF AMERICA
<br>                                        Plaintiff,                    **JAIL #** 77541-004

<br>        vs

RANDY GOLDBERG                    Defendant,

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of **$1 Million PSB**

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3. May not change his or her present address as recorded on page 5 of this bond without prior permission in writing from the court.

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal laws.

**SCANNED**

DEFENDANT: **Randy Goldberg**
CASE NUMBER: **08-601-mj-LSS**

**PAGE TWO**

<u>SPECIAL CONDITIONS OF BOND</u>

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a.   Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

✓ b.   Report to Pretrial Services as follows: ( ✓ ) as directed *or 1 wk* times in person and ✓ times by telephone *as direc*

✓ c.   Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

✓ d.   Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e.   Participate in mental health assessment and/or treatment;

___ f.   Participate and undergo a sex offense specific evaluation and treatment;

✓ g.   Maintain or actively seek full-time employment;

___ h.   Maintain or begin an educational program;

✓ i.   Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

✓ j.   Refrain from possessing a firearm, destructive device or other dangerous weapons;

___ k.   None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___ l.   May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

___ m.   No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

✓ n.   **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) **will not** or
( ) **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ( ) **or paid for by Pretrial Services** ( ).
✓     **Curfew:** You are restricted to your residence every day from 9:30 PM to 7:30 AM or as directed by the Court. *w/exception of attendance of Gamblers Annyomus,.*
___     **Home Detention:** You are restricted to your residence at all times except for: ( ) **medical needs or treatment,**
( ) **court appearances,** ( ) **attorney visits or court ordered obligations, and** ( ) **other** _____.

___ o.   **HALFWAY HOUSE PLACEMENT**   The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) **employment;** ( ) **education;**
( ) **religious services;** ( ) **medical, substance abuse, or mental health treatment;** ( ) **attorney visits;**
( ) **court appearances;** ( ) **court ordered obligations;** ( ) **reporting to Pretrial Services; and**
( ) **other** _____.

✓ p.   May travel to and from: *SDFL to NDofCal*, and must notify Pretrial Services of travel plans before leaving and upon return.

✓ q.   Comply with the following additional conditions of bond: *attend Gambler Annyomus once a week and to go straight home pef afterwards. to appear 2/6/08 before Judg Trumball @ 9:30 Am*

DEFENDANT: Randy Goldberg
CASE #: 08-6014-mj-LSS
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)    any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)    a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

(5)    A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: RANDY GOLDBERG__
CASE NUMBER: 08-6014-mj-LSS

PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

**DEFENDANT**

Signed this 27 day of January , 2007, at Fort Lauderdale , Florida.
Signed and acknowledged before me:          DEFENDANT:(Signature) Randy Goldberg
WITNESS:_____          Fort Lauderdale          Florida
_____     _____     city N. Miami Beach     state
      city              state

## CORPORATE SURETY

Signed this _____ day of _____, 2007, at _____, Florida.
SURETY:_____          AGENT:(Signature)_____
_____     _____     PRINT NAME:_____
      city              state

## INDIVIDUAL SURETIES

① Signed this 23 day of Jan, 2007, at Ft Laud, Florida.     ② Signed this 23 day of Jan, 2007, at Ft Laud, Florida.
SURETY:(Signature) _____          SURETY:(Signature) _____
PRINT NAME: Randi Goldberg          PRINT NAME: Aubrie Goldberg
RELATIONSHIP TO          RELATIONSHIP TO
DEFENDANT: wife          DEFENDANT: brother
ADDRESS: 3426 NE 168 St          ADDRESS: 987 Captiva Dr
NMB, FL 33160          Hollywood, FL 33019
TELEPHONE: 305 945 2144          TELEPHONE: 954 456 4304

## APPROVAL BY COURT

Date: 1-23-08

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION:  Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services

| DO NOT SCAN THIS PAGE |
| --- |

DEFENDANT: _Randy Goldberg__
CASE NUMBER: 08-6014-mj-LSS

**PAGE FIVE**

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

**DEFENDANT**

Signed this _23_ day of _January_, 2007 at _Fort Lauderdale_, Florida.
Signed and acknowledged before me: DEFENDANT:(Signature) _Randy Goldberg_
WITNESS:_____ ADDRESS: _3426 NE 168 ST_
ADDRESS:_____ _N. Miami Beach Fl_ ZIP _33160_
_____ ZIP _____ TELEPHONE: _305 945-7144_

**CORPORATE SURETY**

Signed this _____ day of _____, 2007, at _____, Florida.
SURETY:_____ AGENT:(Signature)_____
ADDRESS:_____ PRINT NAME:_____
_____ ZIP _____ TELEPHONE:_____

**INDIVIDUAL SURETIES**

Signed this__ day of ___, 2007, at ___, Florida.    Signed this__ day of _____, 2007 at _____, Florida.
SURETY:(Signature) _Sarah Stevens_    SURETY:(Signature)_____
PRINT NAME: _SARAH STEVENS_    PRINT NAME:_____
RELATIONSHIP TO    RELATIONSHIP TO
DEFENDANT: _MOTHER_    DEFENDANT:_____
ADDRESS: _3698 NE 207 TERR_    ADDRESS:_____
_AVENTURA FL_ ZIP _33180_    _____ ZIP_____
TELEPHONE: _305-933-1343_    TELEPHONE:_____

# STIPULATION AS ADDITIONAL CONDITION TO PERSONAL SURETY BOND OF $1,000,000 ON BEHALF OF RANDY GOLDBERG

As an additional condition to the $1,000,000 Personal Surety Bond Randi Goldberg, Defendant Randy Goldberg's wife, is executing on behalf of the Defendant Randy Goldberg, Randi Goldberg stipulates and agrees as follows:

With respect to her home located at 3426 N.E. 168th St, North Miami Beach, Fl,   Randi Goldberg agrees: not to sell, transfer, assign, pledge, encumber, borrow against or mortgage any portion of her 100% interest in said property.   Further, she agrees to maintain the property and take no action which would either diminish or impair the value of the property.

This condition and agreement by Randi Goldberg shall be incorporated as a condition of said bond and  continue as condition of the personal surety bond until such time as the bond is discharged or otherwise ordered by the Court.

AGREED to this 23rd day of January, 2008, in open Court before the Honorable Robin Rosenbaum, United States Magistrate Judge for Southern District of Florida.


_____
Randi Goldberg


Witnesses:
_____


_____

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: 300,000 w/10% Cash

CASE NO.: 08-6014-mj-LSS

UNITED STATES OF AMERICA
                    Plaintiff,                          JAIL # 77541-004

        vs

RANDY GOLDBERG                    Defendant,

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of **$300,000 W/10% Cash**

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3. May not change his or her present address as recorded on page 5 of this bond without prior permission in writing from the court.

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal laws.

SCANNED

DEFENDANT: **Randy Goldberg**
CASE NUMBER: 08-601-mj-LSS

**PAGE TWO**

SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓a.   Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

✓b.   Report to Pretrial Services as follows: ( ) *as directed or* _1wk_ times in person and ✓ times by telephone *as direc*

✓c.   Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

✓d.   Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___e.   Participate in mental health assessment and/or treatment;

___f.   Participate and undergo a sex offense specific evaluation and treatment;

✓g.   Maintain or actively seek full-time employment;

___h.   Maintain or begin an educational program;

✓i.   Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

✓j.   Refrain from possessing a firearm, destructive device or other dangerous weapons;

___k.   None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___l.   May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

___m.   No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

✓n.   **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will not or ( ) will include electronic monitoring or other location verification system, paid for by the defendant *based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).
✓    **Curfew:** You are restricted to your residence every day from _9:30 PM_ to _7:30 Am_, or as directed by the Court. *w/exception of attendance of Gamblers Annynous*
___    **Home Detention:** You are restricted to your residence at all times except for: ( ) medical needs or treatment, ( ) court appearances, ( ) attorney visits or court ordered obligations, and ( ) other _____.

___o.   **HALFWAY HOUSE PLACEMENT**  The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) employment; ( ) education; ( ) religious services; ( ) medical, substance abuse, or mental health treatment; ( ) attorney visits; ( ) court appearances; ( ) court ordered obligations; ( ) reporting to Pretrial Services; and ( ) other _____

✓p.   May travel to and from: _ND of Californ_ and must notify Pretrial Services of travel plans before leaving and upon return.

✓q.   Comply with the following additional conditions of bond:
*attend Gamblers Annynous 1wk*

*appear 2/6/08 before Judg Trumball @ 9:30 Am*

DEFENDANT: Randy Goldberg
CASE #: 08-6014-mj-LSS
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)     any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)     a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

(5)     A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: RANDY GOLDBERG__
CASE NUMBER: 08-6014-mj-LSS

PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _____ day of _____, 2007, at _____ Florida.
Signed and acknowledged before me:                DEFENDANT:(Signature) _____
WITNESS:_____
_____  _____           _____  _____
      city                        state                       city                         state

### CORPORATE SURETY

Signed this _____ day of _____, 2007, at _____, Florida.
SURETY:_____        AGENT:(Signature)_____
_____  _____                 PRINT NAME:_____
      city                        state

### INDIVIDUAL SURETIES

Signed this__ day of _____, 2007, at _____, Florida.    Signed this__ day of _____, 2007, at _____, Florida.
SURETY:(Signature)_____             SURETY:(Signature)_____
PRINT NAME:_____               PRINT NAME:_____
RELATIONSHIP TO                                    RELATIONSHIP TO
DEFENDANT:_____               DEFENDANT:_____
ADDRESS:_____               ADDRESS:_____
_____                 _____
TELEPHONE:_____               TELEPHONE:_____

### APPROVAL BY COURT

Date: _1-23-08_____

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION:  Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services

**Bank of America** ⬎

**Cashier's Check**

No. **6025144**

Notice to Purchaser - In the event this check is lost, misplaced or stolen, a sworn statement and 90 day waiting period will be required prior to replacement. This check should be negotiated within 90 days.

Date: **JANUARY 23, 2008**

30-1/1140
NTX

Banking Center: **AVENTURA MALL**

0109338  00004  006025144

**SARAH STEVENS**
Remitter (Purchased By)

$ **\*\*30000.00\***

Pay ** THIRTY THOUSAND DOLLARS AND 00 CENTS**

To The Order Of: ** CLERK, UNITED STATES DISTRICT COURT**
\*\*\*\*

*Delmi Enzam*
Authorized Signature

Bank of America, N.A.
San Antonio, Texas

**VOID AFTER 90 DAYS**

⑈6025144⑈ ⑆114000019⑆ 00164100206 2⑈

THE ORIGINAL DOCUMENT HAS REFLECTIVE WATERMARK ON THE BACK    THE ORIGINAL DOCUMENT HAS REFLECTIVE WATERMARK ON THE BACK

---

AO82
(Rev. 4/90)

**ORIGINAL
RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA**
at _FTL_

**220749**

RECEIVED FROM  *SARAH STEVENS*
*3698 N.E. 207 Terr*
*Aventura, FL. 33180*
*Ph. 305-933-1343*

| Fund | | ACCOUNT | AMOUNT | |
|---|---|---|---|---|
| 6855XX | Deposit Funds | *604700* | *30000* | *00* |
| 604700 | Registry Funds | | | |
| | General and Special Funds | | | |
| 508800 | Immigration Fees | | | |
| 085000 | Attorney Admission Fees | | | |
| 086900 | Filing Fees | | | |
| 322340 | Sale of Publications | TOTAL | *30000* | *00* |
| 322350 | Copy Fees | | | |
| 322360 | Miscellaneous Fees | Case Number or Other Reference | | |
| 143500 | Interest | *08-6014-mj-LSS* | | |
| 322380 | Recoveries of Court Costs | | | |
| 322386 | Restitution to U.S. Government | *Check # 6025144* | | |
| 121000 | Conscience Fund | | | |
| 129900 | Gifts | *USA vs. Randy Goldberg* | | |
| 504100 | Crime Victims Fund | | | |
| 613300 | Unclaimed Monies | *10% Cash Bond* | | |
| 510000 | Civil Filing Fee (½) | | | |
| 510100 | Registry Fee | | | |

$ Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

| DATE *1-23-2008* | Cash | Check | M.O. | Credit | DEPUTY CLERK: *V. Thomas* |
|---|---|---|---|---|---|

FILED BY ____
CLERK C. CASHIER
2008 JAN 23  AM 11:25
D.C.

┌─────────────────────────────────┐
│      **DO NOT SCAN THIS PAGE**    │
└─────────────────────────────────┘

DEFENDANT: _Randy Goldberg__
CASE NUMBER: 08-6014-mj-LSS

**PAGE FIVE**

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _____ day of _____, 2007 at _____, Florida.
Signed and acknowledged before me:             DEFENDANT:(Signature) _Randy Goldberg_
WITNESS:_____         ADDRESS: 2426 NE 168 West
ADDRESS:_____          N Miami Beach Fl ZIP 33160
_____ZIP_____          TELEPHONE: 305-945-7440

### CORPORATE SURETY

Signed this _____ day of _____, 2007, at _____, Florida.
SURETY:_____          AGENT:(Signature)_____
ADDRESS:_____          PRINT NAME:_____
_____ZIP_____          TELEPHONE:_____

### INDIVIDUAL SURETIES

Signed this__day of _____, 2007, at _____, Florida.   Signed this__day of _____, 2007 at _____, Florida.
SURETY:(Signature)_____           SURETY:(Signature)_____
PRINT NAME:_____           PRINT NAME:_____
RELATIONSHIP TO                                        RELATIONSHIP TO
DEFENDANT:_____           DEFENDANT:_____
ADDRESS:_____           ADDRESS:_____
_____ZIP_____                _____ZIP_____
TELEPHONE:_____           TELEPHONE:_____

# COURT MINUTES

## U.S. MAGISTRATE JUDGE ROBIN S. ROSENBAUM- FORT LAUDERDALE, FLORIDA

DEFT: Randy Goldberg (J)# 77541-004                CASE NO:      08-MJ-6014-LSS

AUSA:  Rogin Waugh-Farretta                        ATTY:  Steven Chaykin-- Temp Notice Entered today

AGENT:                                             VIOL:      18:371

PROCEEDING:  Pretrial Detention/Removal Hearing    RECOMMENDED BOND:

BOND HEARING HELD - yes / no                       COUNSEL APPOINTED:

BOND SET @:                                         To be cosigned by:

|  |  |  |
|---|---|---|
| ❏ | Do not violate any law. | Removal hearing not held; dft. Files waiver of hearing; PTD not held; parties agree to two bonds. $1million PSB w/ three co-signors and a $300,000 w/10% cash bond. All conditions met and dft released today. Deft.to report to ND of California on 2/6/08 @9:30 am before Judge Tumble and @ 10:00 am before Judge Fogel. |
| ❏ | Appear in court as directed. | |
| ❏ | Surrender and / or do not obtain passports / travel documents. | |
| ❏ | Rpt to PTS as directed / or _____ x's a week/month by phone; _____ x's a week/month in person. | |
| ❏ | Random urine testing by Pretrial Services. _____ Treatment as deemed necessary. | |
| ❏ | Maintain or seek full - time employment. | |
| ❏ | No contact with victims / witnesses. | |
| ❏ | No firearms. | |
| ❏ | Curfew: _____. | |
| ❏ | Travel extended to: _____. | |
| ❏ | Halfway House _____. | |

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: | | | | |
| PTD/BOND HEARING: | | | | |
| PRELIM/ARRAIGN. OR REMOVAL: | | | | |
| STATUS CONFERENCE: | | | | |

DATE   1/23/08      TIME:    10:30      FTL/RSR TAPE # 08-    002      Begin:   424      End:   673



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 08-6014-mj-RSR

ORDER OF REMOVAL

UNITED STATES OF AMERICA

vs

RANDY GOLDBERG (B)

It appearing that in the Northern District of California an Indictment was filed against the above-named defendant on a charge of 18:371;18:1343;18:1956 and 18:1956 (a) Conspiracy to commit wire fraud and money laudering, that the defendant was arrested in the Southern District of Florida and was given a hearing before a United States Magistrate Judge Robin S. Rosenbaum at Fort Lauderdale, Florida, which official committed the defendant for removal to the Northern District of California, it is

ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge for removal and posted bail in the amount of $ 1 Million PSB w/ three co-signors and a $300,00 0w/ 10% cash which was approved by the United States Magistrate Judge, and it is further

ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bail bond furnished by the defendant, and it is further

ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Fort Lauderdale, Florida, this 23rd day of January, 2008.

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

SCANNED

cc: Miami, Financial,USMS

UNITED STATES OF AMERICA,              :

v.                                     :

RANDY W. Goldberg                      :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-6014-M-AS

NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL


COMES NOW Steven E. Chaykin and
files this temporary appearance as counsel for the above named
defendant(s) at initial appearance.  This appearance is made with
the understanding that the undersigned counsel will fulfill any
obligations imposed by the Court such as preparing and filing
documents necessary to collateralize any personal surety bond
which may be set.


Counsel's Name  (Printed) Steven E. Chaykin

Counsel's Signature

Address  ONE S.E. 3rd Ave. 25th Floor
Miami FL.              Zip Code: 33131

Telephone  305-374-5600


**SCANNED**

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF FLORIDA

Case No: _08 - 6014 - ᏺᏕᏕ_

United States of America

v

RANDY W. Goldberg

**WAIVER OF REMOVAL HEARING**

I , _RANDY W. Goldberg_ , charged in a proceeding pending in the _NorthERN_
District of _California_ with violation of _18 USC. 371, 1343, 1951_ and having been
arrested in the Southern District of Florida and taken before Robin S. Rosenbaum, a United
States Magistrate Judge for that district, who informed me of the charge and of my right to retain
counsel or request the assignment of counsel if I am unable to retain counsel, and to have a
hearing or execute a waiver thereof, do hereby waive a hearing before the aforementioned
magistrate judge and consent to the issuance of a warrant for my removal to
the _Northern_ District of _California_ where the aforesaid charge is pending
against me.

_1/22_____ , 2007

_Randy Goldberg_____
Signature of Defendant

_Robin S. Rosenbaum_
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

**SCANNED**

## COURT MINUTES

## U.S. MAGISTRATE JUDGE LURANA S. SNOW - FT. LAUDERDALE, FLORIDA
(LSS in KW via video conference)

DEFT:    RANDY GOLDBERG (J)# 77541-004            CASE NO:   08-6014-LSS

AUSA:    Robin Waugh Faretta   *present*          ATTY:    Jonathan Goodman (temp) . *present*

AGENT:                                             VIOL:

PROCEEDING:    INQUIRY RE COUNSEL/ STATUS RE       RECOMMENDED BOND:
               PTD/REMOVAL DATE

BOND HEARING HELD - yes / no                       COUNSEL APPOINTED:

BOND SET @:                                        To be cosigned by:

❑    Do not go by any marina or on any boat

❑        .

❑    Surrender and / or do not obtain passports / travel
     documents.

❑    Rpt to PTS as directed / or _____ x's a week/month by
     phone; _____ x's a week/month in person.

❑

❑

❑

❑

❑    Curfew:

❑    Travel extended to:

❑

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: |  |  |  |  |
| PTD/BOND HEARING: | 1-23-08 | 10:30 am | RSR |  |
| PRELIM/ARRAIGN. OR REMOVAL: | 1-23-08 | 10:30 am | RSR |  |

DATE:   1-18-08   TIME:   1:00pm   FTL/LSS TAPE 08 - *063*   Begin: *2563*   End: *2803*

SCANNED

# COURT MINUTES

## U.S. MAGISTRATE JUDGE LURANA S. SNOW - FORT LAUDERDALE, FLORIDA

DEFT: RANDY GOLDBERG (D# 74541-004          CASE NO: 08-6014-LSS

AUSA: Robin Waugh Faretta /present         ATTY: Jonathan Goodman

AGENT: _____             VIOL: REMOVAL:ND/CA (extortion, wire fraud)

PROCEEDING: INITIAL APPEARANCE             RECOMMENDED BOND: PTD

BOND HEARING HELD - yes/(no)               COUNSEL APPOINTED: _____

BOND SET @: _____        To be consigned by: _____

| | |
|---|---|
| ❑ | Do not violate any law. |
| ❑ | Appear in court as directed. |
| ❑ | Surrender and / or do not obtain passports / travel documents. |
| ❑ | Rpt to PTS as directed / or _____ x's a week/month by phone; _____ x's a week/month in person. |
| ❑ | Random urine testing by Pretrial Services. _____ Treatment as deemed necessary. |
| ❑ | Maintain or seek full - time employment. |
| ❑ | No contact with victims / witnesses. |
| ❑ | No firearms. |
| ❑ | Curfew: _____ |
| ❑ | Travel extended to: _____ |
| ❑ | Halfway House _____ |

A-Advised of Charges

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: | 1-18-08 | 1:00pm | ✓ | |
| PTD/BOND HEARING: | 1- -08 | to be set | ✓ | |
| PRELIM/ARRAIGN. OR REMOVAL: | 1- -08 | to be set | | |
| STATUS CONFERENCE: | | | | |

DATE: 1-17-08   TIME: 11:00am   FTL/LSS TAPE # 08- 003   Begin: 1400   End: 1600 5

recalled

08-003
2200 - 2283   SCANNED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 08-6014-LSS

UNITED STATES OF AMERICA

        Plaintiff,

v.

RANDY GOLDBERG
        Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**

Language   English
Tape No.   08- 00 3
AUSA     Robin Waugh Faretta
Agent

    The above-named defendant having been arrested on 1-17-08, having appeared before the court for initial appearance on 1-17-08 and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Jonathan Goodman_____ appeared as permanent/(temporary) counsel of record.
    Address:_____
    Zip Code: _____ Telephone: _____

2. _____ appointed as permanent counsel of record.
    Address: _____ Zip
Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at _1-18-08_ on _1.00p_ before Judge_____Snow_____ _remote via status re_

4. Arraignment/Preliminary is set for _1-18-08_ at _1.00p_ before Judge _Snow_ .

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because ___
_____ A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _____ at _____ before Judge _____.

6. The defendant shall be released from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: _____ This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows: _____ as directed; _____ times a week /month by phone,
    _____ times a week/month_____ in person; _other:_____
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
_i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.



_j. Comply with the following additional special conditions of this bond:_____

_____

_____

    bond was set: At Arrest _____

                      On Warrant _____

                      After Hearing _____

    If  bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the    conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and    revocation of release and to various civil and criminal sanctions for any violation of those  conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond  has been executed in accordance with this or subsequent court order.

    **DONE AND ORDERED** at Ft. Lauderdale, Florida this 17 day of  January, 2008.

                                      _Lurana S. Snow_
                             LURANA S. SNOW
                             UNITED STATES MAGISTRATE

cc: Assistant U.S. Attorney
    Defendant
    Counsel
    Copy for Judge
    Pretrial Services/Probation

O 442 (Rev. 5/93) Warrant for Arrest

# United States District Court
### Northern District of California

SEALED BY ORDER
OF COURT

UNITED STATES OF AMERICA,

v.

## WARRANT FOR ARREST

Case Number: **CR-07-00788-07-JF**

## Randy W. Goldberg

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest      **Randy W. Goldberg**

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

(X) Indictment    ( ) Information    ( ) Complaint
( ) Order of Court    ( ) Violation Notice    ( ) Probation Violation Petition

charging him or her with: See Below

| | | |
|---|---|---|
| Count | 1 | 18:371 Conspiracy |
| Counts | 7, 12 | 18:1343 and 2 - Wire Fraud; Aiding and Abetting |
| Counts | 16-23 | 18:1951 and 2- Extortion; Aiding and Abetting |
| Count | 24 | 18:1956(h) - Conspiracy to Launder Monetary Instruments |

**Cita F. Escolano**

Name of Issuing Officer

*Cita F. Escolano*

Signature of Issuing Officer

**Deputy Clerk**

Title of Issuing Officer

12/13/07, San Jose, CA

Date and Location

2007 DEC 13 PH 2: 47
RECEIVED
UNITED STATES
NORTHERN DISTRICT
OF CALIFORNIA

Bail Fixed at $    **NO BAIL**

by   **Patricia V. Trumbull**

Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at | ORIGINAL WARRANT HELD BY U.S. MARSHALS, SAN JOSE | |
| Date received | Name and Title of Arresting Officer | Signature of Arresting Officer |
| Date of Arrest | | |

No. **CR  07  00788 JF**  *Under Seal* PVT  **PVT**  FILED

# UNITED STATES DISTRICT COURT

DEC 13 2007

## NORTHERN DISTRICT OF CALIFORNIA

*SAN JOSE DIVISION*

SEALED BY ORDER OF COURT

## THE UNITED STATES OF AMERICA

*vs.*

**AMIT M. EZYONI, ASAF NASS a/k/a "Dan", LIMOR GEFEN a/k/a "Dana", ELI KAUPP, DANIEL G. RANGEL, BARAK BRAUNSHTAIN, RANDY W. GOLDBERG, BRANDI C. AYCOCK, DAVID R. LAMONDIN, MATTHEW D. SANDOMIR, STUART H. SHEINFELD, CAROL HAEUSSLER, CHRISTOPHER A. SARIOL, and EDUARDO A. SUBIRATS**

# INDICTMENT

**COUNT ONE:**                         Title 18, U.S.C. § 371 - Conspiracy to Commit Wire Fraud and Extortion

**COUNTS TWO - FIFTEEN:**             Title 18, U.S.C. § 1343 - Wire Fraud

**COUNTS SIXTEEN - TWENTY-THREE:**    Title 18, U.S.C. § 1951 - Extortion

**COUNT TWENTY-FOUR:**                Title 18, U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering

**COUNTS TWENTY-FIVE - TWENTY-EIGHT:**  Title 18, U.S.C. § 1956(a)(1)(A)(1) - Money Laundering



| DOCUMENT NO. | CSA's INITIALS |
|---|---|
| 1 | c |

DISTRICT COURT
CRIMINAL CASE PROCESSING

*A true bill.*

_Ramona R Wells_
**Foreperson**

Filed in open court this _12_ day of _December_

A.D. 200_7_

_Patricia V. Trumbull_
**United States Magistrate Judge**

**Bail. $** _Arrest warrants – no bail_

E3 Yonc
Nass
Gefen
Goldberg
aycock
Haupp
Rangel
Braunshtein

no process for all other
defendants
PVT

1  SCOTT N. SCHOOLS (SCN 9990)
   United States Attorney
2
                                    SEALED BY ORDER
3                                      OF COURT
4

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

12  UNITED STATES OF AMERICA,    CR  07  00788  JFPVT

13         Plaintiff,           )   VIOLATIONS: 18 U.S.C. § 371 --
                                )   Conspiracy; 18 U.S.C. § 1343 -- Wire
14      v.                      )   Fraud; 18 U.S.C. § 1951 -- Extortion; 18
                                )   U.S.C. § 1956(h)--Conspiracy to Commit
15  AMIT M. EZYONI,             )   Money Laundering; 18 U.S.C. §
    ASAF NASS,                  )   1956(a)(1)(A)(I) -- Money Laundering; 18
16      a/k/a "Dan,"            )   U.S.C. § 2--Aiding and Abetting and
    LIMOR GEFEN,                )   Willfully Causing; 18 U.S.C. § 982 --
17      a/k/a "Dana,"           )   Criminal Forfeiture
    ELI KAUPP,                  )
18  DANIEL G. RANGEL,           )   SAN JOSE VENUE
    BARAK BRAUNSHTAIN,          )
19  RANDY W. GOLDBERG,          )
    BRANDI C. AYCOCK,           )
20  DAVID R. LAMONDIN,          )
    MATTHEW D. SANDOMIR,        )
21  STUART H. SHEINFELD,        )
    CAROL HAEUSSLER,            )
22  CHRISTOPHER A. SARIOL, and  )
    EDUARDO A. SUBIRATS,        )
23                              )
         Defendants.            )
24  _____)

25

26

27

28

    INDICTMENT

1

2                                    INDICTMENT

3    The Grand Jury charges:

4                               Introductory Allegations

5        At all times relevant to this Indictment:

6        1.  AY Transport, Inc. ("AY"), also known as ("a/k/a") Progressive Van Lines ("PVL"),

7    a/k/a Midwest Relocation Services, was a moving company with offices in San Jose, California,

8    engaged in the interstate transportation of household goods ("goods") for members of the public.

9        2.  National Moving Network ("NMN"), a/k/a Patriot Moving, a/k/a Premium Relocation

10   Services, was a moving company with offices in Miami, Florida, engaged in brokering the

11   interstate transportation of goods for members of the public.

12       3.  Defendant Amit M. Ezyoni was the owner and chief executive officer of AY.  As

13   owner and CEO, defendant Ezyoni ran the day-to-day operations of AY.

14       4.  Defendant Asaf Nass, a/k/a "Dan," was the operations manager of AY.  As operations

15   manager, defendant Nass assisted in running the day-to-day operations of AY.

16       5.  Defendant Ezyoni had signatory authority over the primary AY business account,

17   Wells Fargo Bank Account #009-1460212.  Defendants Ezyoni and Nass had signatory authority

18   over the primary PVL business account, Bank of America Account #12624-06932.

19       6.  Defendant Limor Gefen, a/k/a "Dana," was the office manager of AY.  As office

20   manager, defendant Gefen handled customer complaints and assisted in the day-to-day operations

21   of AY.

22       7.  Defendant Eli Kaupp was a driver for AY.  As a driver, defendant Kaupp participated

23   in the loading and delivery of customers' goods and interacted directly with customers.

24       8.  Defendant Daniel G. Rangel was a driver for AY.  As a driver, defendant Rangel

25   participated in the loading and delivery of customers' goods and interacted directly with

26   customers.

27       9.  Defendant Barak Braunshtain was a driver for AY.  As a driver, defendant Braunshtain

28   participated in the actual loading and delivery of customers' goods and interacted directly with

1    customers.

2        10. Defendant Randy W. Goldberg was the owner and president of NMN. As owner and

3    president, defendant Goldberg ran the day-to-day operations of NMN.

4        11. Defendant Brandi C. Aycock was the sales manager for NMN. As sales manager,

5    defendant Aycock supervised sales representatives in their assigned tasks of soliciting customers,

6    taking customer inventories, providing customers with weight and price estimates, collecting

7    customer deposits, and scheduling dates for the loading of customer goods.

8        12. Defendant David R. Lamondin was a sales representative for NMN. As a sales

9    representative, defendant Lamondin solicited customers, took customer inventories, provided

10   customers with weight and price estimates, collected customer deposits, and scheduled dates for

11   the loading of customer goods.

12       13. Defendant Matthew D. Sandomir was a sales representative for NMN. As a sales

13   representative, defendant Sandomir solicited customers, took customer inventories, provided

14   customers with weight and price estimates, collected customer deposits, and scheduled dates for

15   the loading of customer goods.

16       14. Defendant Stuart H. Sheinfeld was a sales representative for NMN. As a sales

17   representative, defendant Sheinfeld solicited customers, took customer inventories, provided

18   customers with weight and price estimates, collected customer deposits, and scheduled dates for

19   the loading of customer goods.

20       15. Defendant Carol Haeussler was a sales representative for NMN. As a sales

21   representative, defendant Haeussler solicited customers, took customer inventories, provided

22   customers with weight and price estimates, collected customer deposits, and scheduled dates for

23   the loading of customer goods.

24       16. Defendant Christopher A. Sariol was a sales representative for NMN. As a sales

25   representative, defendant Sariol solicited customers, took customer inventories, provided

26   customers with weight and price estimates, collected customer deposits, and scheduled dates for

27   the loading of customer goods.

28       17. Defendant Eduardo A. Subirats was a sales representative for NMN. As a sales

INDICTMENT                                    3

1   representative, defendant Subirats solicited customers, took customer inventories, provided

2   customers with weight and price estimates, collected customer deposits, and scheduled dates for

3   the loading of customer goods.

4   COUNT ONE: (18 U.S.C. § 371–Conspiracy)

5           18. Paragraphs 1 through 17 of the Introductory Allegations section are realleged and

6   incorporated as though fully set forth herein.

7           19. From in or around April 2001 and continuing through approximately October 2005,

8   in Santa Clara County, in the Northern District of California, and elsewhere, the defendants

9                               AMIT M. EZYONI,
                                 ASAF NASS,
10                                a/k/a "Dan,"
                                 LIMOR GEFEN,
11                                a/k/a "Dana,"
                                  ELI KAUPP,
12                            DANIEL G. RANGEL,
                              BARAK BRAUNSHTAIN,
13                            RANDY W. GOLDBERG,
                               BRANDI C. AYCOCK,
14                             DAVID R. LAMONDIN,
                             MATTHEW D. SANDOMIR,
15                            STUART H. SHEINFELD,
                               CAROL HAEUSSLER,
16                         CHRISTOPHER A. SARIOL, and
                              EDUARDO A. SUBIRATS,
17
18   did knowingly and intentionally conspire to commit acts and offenses against the laws of the

19   United States, that is: wire fraud, in violation of 18 U.S.C. § 1343; and extortion, in violation of

20   18 U.S.C. § 1951.

21                          OBJECT OF THE CONSPIRACY

22           20. It was the object of the conspiracy for the defendants to unjustly enrich themselves by

23   luring customers into doing business with NMN by offering them extremely low moving

24   estimates, taking possession of customers' property and then subsequently increasing the price of

25   AY's transport of the customers' goods, and thereafter withholding delivery of their goods until

26   the customers paid the fraudulently inflated price to AY.

27                       MANNER AND MEANS OF THE CONSPIRACY

28           21. Defendant NMN represented itself to the public as a reputable broker of interstate

     moves.

INDICTMENT                                    4

1      22. Defendant AY represented itself to the public as a reputable moving company.

2      23. At the direction of defendants Randy W. Goldberg and Brandi C. Aycock, defendants

3 David R. Lamondin, Matthew D. Sandomir, Stuart H. Sheinfeld, Carol Haeussler, Christopher A.

4 Sariol, Eduardo A. Subirats, and other NMN employees provided extremely low moving

5 estimates to customers to induce them to hire NMN to move their goods. These estimates were

6 conveyed by telephone, facsimile, and electronic mail ("e-mail"). Once NMN had secured the

7 customer's contract, they collected a deposit and referred the deal without the customers'

8 knowledge to AY. AY then provided the drivers and trucks to complete the move.

9      24. Defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen supervised the AY drivers

10 assigned to handle the moves, including defendants Eli Kaupp, Daniel G. Rangel, and Barak

11 Braunshtain, among other AY drivers. The drivers typically rushed customers through the AY

12 paperwork, causing them to sign blank or incomplete bills of lading and other documents, and

13 failed to inform them of the actual price of the move prior to loading customer goods.

14      25. Once a customer's goods had been loaded, an AY employee would and did inflate the

15 total price of the move by claiming that the customer's goods weighed more than had been

16 originally estimated by NMN, or by overcharging the customer for packing materials.

17      26. When contacted by customers requesting the delivery of their goods, defendants

18 Amit M. Ezyoni, Asaf Nass, Limor Gefen, and other AY employees demanded full payment of

19 the new, inflated price before AY would deliver the goods. This new, inflated price was often

20 multiple times the initial estimate provided to the customer by NMN.

21      27. Defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen, and other AY employees

22 ignored customers' repeated complaints about the inflated prices.

23      28. When customers refused to pay the inflated price, defendants Amit M. Ezyoni, Asaf

24 Nass, Limor Gefen, and other AY employees arranged to warehouse customer goods, often under

25 the names of individual drivers, and refused to divulge the location of the goods to customers.

26      29. When delivering customer goods, the drivers, acting under the direction of

27 defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen, and other AY employees, demanded that

28 customers pay any outstanding balance before they would unload, or even provide access to, the

INDICTMENT              5

1     customer's goods.

2         30. Defendants Amit M. Ezyoni, Asaf Nass, Limor Gefen, and other AY employees

3     refused to adequately compensate customers for any damaged or undelivered goods.

4         31. The extremely low bid price, the referral to AY, the drivers' rushing customers

5     through paperwork, the increase in price after taking possession of customers' goods, and the

6     refusal to release said goods unless the customers paid the increased price were all co-ordinated

7     parts of the conspiracy designed to work together to extort maximum money from the customers.

8                                      OVERT ACTS

9         32. In furtherance of the conspiracy and to effect its objects, at least one of the co-

10    conspirators committed at least one of the following overt acts, in the Northern District of

11    California and elsewhere:

12        Victim 1: A.B.and K.S.

13        33. On or about July 26, 2002, in a telephone conversation between Colorado and San

14    Jose, California, defendant Amit M. Ezyoni told A.B., an AY customer moving from San Jose,

15    California to Colorado,  that A.B's goods would not be delivered unless he paid AY a price

16    which had been inflated from the original price estimate provided by NMN.

17        34. On or about July 27, 2002, defendant Daniel G. Rangel refused to unload A.B and

18    K.S.'s goods until K.S. paid him the inflated price.

19        Victim 2: S.M. and N.G.

20        35. On or about March 7, 2003, defendant David R. Lamondin mailed N.G. an estimate

21    of $2,880 to move N.G's and S.M's goods from Colorado to Florida.

22        36. On or about May 1, 2003, defendant Asaf Nass faxed N.G. a letter from San Jose,

23    California to Florida informing N.G. that she was required to wire $1,500 for the delivery to

24    proceed, informing her that the price had increased from the original price estimate, and stating

25    that full payment of the inflated price was required for the delivery to proceed.

26        37. On or about May 1, 2003, defendant Asaf Nass, speaking in a telephone call from

27    San Jose, California, told an undercover agent posing as N.G. in a telephone call that she would

28    not receive her belongings unless she paid the full inflated price.

INDICTMENT                          6

Victim 3: T.M.

38. On or about May 15, 2003, defendant Asaf Nass informed T.M. in a telephone call from San Jose, California to Alabama that the cost of his move had been inflated to $1,599, and that T.M.'s goods would not be delivered until the additional fees were paid.

39. On or about June 9, 2003, defendant Asaf Nass faxed T.M. from San Jose, California to Alabama a request that T.M. wire $1,199 to AY's business bank account in San Jose, California as partial payment of the inflated price.

40. On or about June 18, 2003, defendant Asaf Nass informed T.M. in a telephone call between Alabama and San Jose, California that T.M. would not receive his goods until he had paid the full inflated price.

41. On or about July 7, 2003, defendant Eli Kaupp refused to unload T.M.'s goods unless T.M. paid the balance that AY claimed it was owed.

Victim 4: R.L.

42. On or about September 23, 2003, defendant Matthew D. Sandomir transmitted to R.L. in Florida an estimate of $1,200 to move her goods from Florida to Tennessee.

43. On or about October 19, 2003, defendant Asaf Nass telephoned R.L. from San Jose, California to her location in Tennessee and told her that AY would not deliver her goods unless she paid the inflated price.

Victim 5: L.R.

44. On or about October 20, 2003, defendant Carol Haeussler transmitted to L.R. in California an estimate of $2,378 to move his goods from California to Illinois.

45. On or about November 3, 2003, in a telephone call between San Jose, California and Illinois, defendant Limor Gefen, a/k/a/ "Dana," informed L.R. that he would not get his goods until he had paid the full amount of the inflated AY price for the move.

46. On or about November 3, 2003, in a telephone call between San Jose, California and Illinois, defendant Asaf Nass informed L.R. that he would not get his goods until he had paid the full amount of the inflated AY price for the move.

47. On or about December 15, 2003, defendant Asaf Nass faxed from San Jose,

1   California to L.R. in Illinois a settlement agreement with respect to the inflated price.

2       Victim 6: C.M.

3       48.  On or about November 18, 2003, defendant Christopher A. Sariol transmitted to

4   C.M. in Florida an estimate of $1,446.50 to move C.M.'s goods from Florida to Minnesota.

5       49.  On or about December 3, 2003, defendant Barak Braunshtain informed C.M, after his

6   goods had been loaded, that the cost of the move had been inflated to $2,401, and that C.M.

7   would have to pay this full amount prior to receiving delivery of his goods.

8       50.  On or about December 10, 2003, defendant Asaf Nass, speaking from San Jose,

9   California, informed C.M. in a that he would not receive his goods until he paid the full inflated

10  price.

11      Victim 7: L.G.

12      51.  On or about January 20, 2004, defendant Eduardo A. Subirats e-mailed L.G. from

13  Florida to Aptos, California an estimate of $2,715 to move L.G.'s goods from Aptos, California

14  to North Carolina.

15      Victim 8: A.G.

16      52.  On or about April 23, 2004, in a telephone call from Florida to Massachusetts,

17  defendant Stuart Sheinfeld provided A.G. with an estimate of $1,855 to move A.G's goods from

18  Massachusetts to Florida.

19      53.  On or about June 19, 2004, defendant Barak Braunshtain informed A.G. in a

20  telephone call that the cost of the move had increased to $~~2,944~~ and that he would not deliver

21  her goods until she paid the full inflated price. _2,418.80 (RPW)_

22      54.  On or about June 19, 2004, in a telephone call from Florida to San Jose, California,

23  defendant Limor Gefen informed A.G. that Progressive Van Lines would not deliver her goods

24  unless she paid the full inflated price.

25      Victim 9: T.P.

26      55.  On or about June 28, 2004, in a telephone call between Louisiana and San jose,

27  California, defendant Asaf Nass informed customer T.P. that his goods would not be delivered to

28  him unless he paid the full amount of a price inflated from the original quote provided by NMN.

INDICTMENT                          8

All in violation of Title 18, United States Code, Section 371.

COUNTS TWO THROUGH FIFTEEN: (18 U.S.C. §§ 1343 and 2– Wire Fraud;
Aiding and Abetting)

56.    Paragraphs 1 through 17 of the Introductory Allegations section and paragraphs 20 through 31 of Count One are realleged and incorporated as though fully set forth herein.

SCHEME AND ARTIFICE

57.    It was the object of the scheme and artifice for the defendants to unjustly enrich themselves by luring customers into doing business with NMN by offering them extremely low moving estimates, taking possession of customers' property and then subsequently increasing the price of AY's transport of the customers' goods, and thereafter withholding delivery of their goods until the customers paid the fraudulently inflated price to AY.

USE OF THE WIRES

58.    On or about the dates listed in the separate counts below, in Santa Clara County, in the Northern District of California and elsewhere, the defendants, as listed below as to each count, for the purpose of executing and attempting to execute the scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, signals and sounds, as more specifically described below:

| COUNT | DATE | DEFENDANT | DESCRIPTION OF WIRE COMMUNICATION |
|-------|------|-----------|-----------------------------------|
| 2 | 5/1/03 | AMIT M. EZYONI ASAF NASS | Fax from Asaf Nass in California to N.G. in Florida regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 3 | 5/2/03 | AMIT M. EZYONI ASAF NASS | Electronic wire transfer of $1,500 sent from N.G. in Florida to AY in California at direction of Asaf Nass |
| 4 | 6/9/03 | AMIT M. EZYONI ASAF NASS | Fax from Asaf Nass in California to T.M. in Alabama requesting that T.M. wire an additional $1,199 to AY |

INDICTMENT                                    9

| 5 | 6/18/03 | AMIT M. EZYONI<br>ASAF NASS | Telephone call from T.M. in Alabama to Asaf Nass in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 6 | 10/19/03 | AMIT M. EZYONI<br>ASAF NASS | Telephone call from Asaf Nass in California to R.L. in Tennessee regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 7 | 10/30/03 | RANDY W. GOLDBERG<br>CAROL HAEUSSLER | Fax from NMN in Florida to AY in California conveying estimate for move of L.R. |
| 8 | 11/3/03 | AMIT M. EZYONI<br>LIMOR GEFEN | Telephone call from L.R. in Illinois to Limor Gefen in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 9 | 11/3/03 | AMIT M. EZYONI<br>ASAF NASS | Telephone call from L.R. in Illinois to Asaf Nass in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |
| 10 | 12/15/03 | AMIT M.. EZYONI<br>ASAF NASS | Fax from Asaf Nass in California to L.R. in Illinois outlining terms of settlement agreement between AY and L.R. regarding inflated price |
| 11 | 12/16/03 | AMIT M. EZYONI<br>ASAF NASS | Fax from L.R. in Illinois to Asaf Nass in California signing settlement agreement between AY and L.R. regarding inflated price |
| 12 | 1/20/04 | RANDY W. GOLDBERG<br>EDUARDO A. SUBIRATS | E-mail from NMN in Florida to L.G. in California conveying estimate for L.G's move from California to North Carolina |
| 13 | 6/19/04 | AMIT M. EZYONI<br>LIMOR GEFEN | Telephone call from A.G. in Florida to Limor Gefen in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |

| | | | | |
|---|---|---|---|---|
| 14 | 6/19/04 | AMIT M. EZYONI<br>LIMOR GEFEN | Electronic wire transfer of $1,028 sent from A.G. in Florida to AY in California at direction of Limor Gefen |
| 15 | 6/28/04 | AMIT M. EZYONI<br>ASAF NASS | Telephone call from T.P. in Louisiana to Asaf Nass in California regarding the inflated price of the move and requirement of full payment prior to delivery of goods |

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNTS SIXTEEN THROUGH TWENTY-THREE: (18 U.S.C. §§ 1951 and 2– Extortion; Aiding and Abetting)

59. Paragraphs 1 through 17 of the Introductory Allegations section and paragraphs 20 through 31 of Count One are realleged and incorporated as though fully set forth herein.

60. On the dates set forth in the separate counts below, in the Northern District of California, and elsewhere, the defendants did knowingly, willfully, and unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect interstate commerce by means of extortion by demanding and receiving money for moving services from customers, said customers' consent having been induced by the defendants' wrongful use of fear of economic harm, in that, defendants threatened to withhold delivery of customers' goods unless they paid the money that the defendants demanded.

| COUNT | DATE | DEFENDANTS | VICTIM(S) |
|---|---|---|---|
| 16 | 3/7/03-5/11/03 | RANDY W. GOLDBERG<br>DAVID R. LAMONDIN<br>AMIT M. EZYONI<br>ASAF NASS | S.M. and N.G. |
| 17 | 4/30/03-7/7/03 | RANDY W. GOLDBERG<br>AMIT M. EZYONI<br>ASAF NASS<br>ELI KAUPP | T.M. |
| 18 | 9/23/03-11/28/03 | RANDY W. GOLDBERG<br>MATTHEW D. SANDOMIR<br>AMIT M. EZYONI<br>ASAF NASS | R.L. |

INDICTMENT                                        11

| 1 | 19 | 10/20/03–12/16/03 | RANDY W. GOLDBERG<br>CAROL HAEUSSLER<br>AMIT M. EZYONI<br>ASAF NASS<br>LIMOR GEFEN | L.R. |
| 4 | 20 | 11/18/03–12/20/03 | RANDY W. GOLDBERG<br>CHRISTOPHER A. SARIOL<br>AMIT M. EZYONI<br>ASAF NASS<br>BARAK BRAUNSHTAIN | C.M. |
| 7 | 21 | 1/20/04–3/10/04 | RANDY W. GOLDBERG<br>EDUARDO A. SUBIRATS | L.G. |
| 9 | 22 | 4/23/04–6/22/04 | RANDY W. GOLDBERG<br>STUART H. SHEINFELD<br>AMIT M. EZYONI<br>LIMOR GEFEN<br>BARAK BRAUNSHTAIN | A.G. |
| 12 | 23 | 5/5/04–8/6/04 | RANDY W. GOLDBERG<br>AMIT M. EZYONI<br>ASAF NASS | T.P. |

All in violation of Title 18, United States Code, Sections 1951 and 2.

COUNT TWENTY-FOUR:  (18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments)

61. Paragraphs 1 through 17 of the Introductory Allegations section, paragraphs 20 through 31 of Count One, and the factual allegations contained in Counts Two through Twenty-Three are realleged and incorporated as though fully set forth herein.

62. From in or around April 2001 and continuing through approximately October 2005, in Santa Clara County, in the Northern District of California, and elsewhere, the defendants

AMIT M. EZYONI,
ASAF NASS, and
RANDY W. GOLDBERG

did knowingly conspire to conduct financial transactions affecting interstate commerce which in fact involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, and extortion, in violation of Title 18, United States Code, Section 1951, with the intent to promote that specific unlawful activity; in violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(A)(I).

1  COUNTS TWENTY-FIVE THROUGH TWENTY-EIGHT: (18 U.S.C. § 1956(a)(1)(A)(I) –
                                              Money Laundering)

2      63.   Paragraphs 1 through 17 of the Introductory Allegations section, paragraphs 20

3  through 31 of Count One, the factual allegations contained inCounts Two through Twenty-Three,

4  and paragraph 3 of Count 24 are realleged and incorporated as though fully set forth herein.

5      64.   On or about the dates indicated for each Count below, in Santa Clara County, in the

6  Northern District of California, and elsewhere, the defendants, as listed below as to each count,

7  did knowingly conduct financial transactions affecting interstate commerce, to wit: the deposit of

8  monies into the AY business account, and the use of those funds to pay NMN and Randy

9  Goldberg, which involved the proceeds of a specified unlawful activity, that is, wire fraud and

10  extortion, as set forth in Counts Two through Twenty-Three, with the intent of promoting the

11  specified unlawful activity, to wit: wire fraud and extortion, as set forth in Counts Two through

12  Twenty-Three, and that while conducting and attempting to conduct such financial transactions

13  knew that the property involved in the financial transaction, that is the deposits and checks

14  summarized as follows, represented the proceeds of some form of unlawful activity:

| COUNT | DATE | DEFENDANT | FINANCIAL TRANSACTION |
|---|---|---|---|
| 25 | 5/2/03 | ASAF NASS | $1,500 wire transfer transmitted to AY from N.G. into AY business account Wells Fargo Acct #009-1460212 |
| 26 | 7/15/03 | AMIT M. EZYONI | $13,727.62 check payable to National Moving Network from AY business account Wells Fargo Acct #009-1460212 |
| 27 | 12/23/03 | AMIT M. EZYONI | $14,803.05 deposit into AY business account Wells Fargo Acct #009-1460212 |
| 28 | 1/9/04 | AMIT M. EZYONI | $34,640 check payable to Randy Goldberg from AY Business account Wells Fargo Acct #009-1460212 |

All  in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I).

INDICTMENT                           13

1    FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c) -
                           Forfeiture Of Wire Fraud and Extortion Proceeds)

2

3        65.  The factual allegations contained in paragraphs 1-17 of the Introductory Allegations

4    and Counts One through Twenty-Four of this Indictment are realleged and by this reference fully

5    incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18,

6    United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

7        66.      Upon a conviction of any of the offenses alleged in Counts One through Twenty-

8    Four, the defendants,

9                             AMIT M. EZYONI,
                             ASAF NASS,
10                               a/k/a "Dan,"
                             LIMOR GEFEN,
11                               a/k/a "Dana,"
                             ELI KAUPP,
12                           DANIEL G. RANGEL,
                             BARAK BRAUNSHTAIN,
13                           RANDY W. GOLDBERG,
                             BRANDI C. AYCOCK,
14                           DAVID R. LAMONDIN,
                             MATTHEW D. SANDOMIR,
15                           STUART H. SHEINFELD,
                             CAROL HAEUSSLER,
16                       CHRISTOPHER A. SARIOL, and
                             EDUARDO A. SUBIRATS,

17   shall forfeit to the United States all property, real or personal, which constitutes and is derived

18   from proceeds traceable to said offenses.

19       3.  If, as a result of any act or omission of the defendants, any of said property

20       a.      cannot be located upon the exercise of due diligence;

21       b.      has been transferred or sold to or deposited with, a third person;

22       c.      has been placed beyond the jurisdiction of the Court;

23       d.      has been substantially diminished in value; or

24       e.      has been commingled with other property which cannot be divided without

25               difficulty;

26

27

28

INDICTMENT                          14

1    any and all interest defendants have in any other property, up to value of the property described

2    in paragraph 2 above, shall be forfeited to the United States, pursuant to Title 21, United States

3    Code, Section 853(p), as incorporated by as incorporated by Title 28, United States Code,

4    Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

5    DATED: 12/12/07                              A TRUE BILL.

6                                                 FOREPERSON

7

8    SCOTT N. SCHOOLS
     United States Attorney

9

10   MATTHEW A. PARRELLA
     Chief, San Jose Branch Office

11   (Approved as to form:
     AUSA NEDROW

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     INDICTMENT                          15

01/17/2008   09:26      954-356-7088              US_MARSHAL_FT_LAUD                    PAGE   02/05
Case 5:07-cr-00788-JF    Document 14    Filed 01/29/2008    Page 43 of 43
305-716-3145      US DOT\OIG Miami                          03.ɔɔ:51 p.m.   16-01-2008        8/9

# UNITED STATES DISTRICT COURT

*08-6014-LSS*

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA )  CASE NUMBER: CR *07-00788-07-JF*
Plaintiff )
                                    )   *USMS # 77541-004*
                                    )
vs.                          )   **REPORT COMMENCING**
*Randy W. Goldberg*          )   **CRIMINAL ACTION**
                                    )
Defendant

---

TO:   CLERK'S OFFICE, MIAMI / FT. LAUDERDALE / W. PALM BEACH
       U.S. DISTRICT COURT

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
       MAGISTRATES COURT ABOVE

---

COMPLETE ALL ITEMS. IF INFORMATION NOT APPLICABLE, ENTER N/A
DATE AND TIME OF ARREST: *1/17/08*                     AM/PM
LANGUAGE(S) SPOKEN: *English + French*
OFFENSE(S) CHARGED: *18 USC 371, 18 USC 1343, 18 USC 1951*
        *18 USC 1956(h)  Conspiracy, Wire Fraud,*
        *Extortion, Money Laundering*

UNITED STATES CITIZEN: ( ) YES  (X) NO   ( ) UNKNOWN
DATE OF BIRTH: *02/05/70*
TYPE OF CHARGING DOCUMENT: (CHECK ONE)
(X) INDICTMENT ( ) COMPLAINT  CASE # _____
( ) BENCH WARRANT FOR FAILURE TO APPEAR
( ) PAROLE VIOLATION WARRANT

*FBI SA, Bill Schureck C: 954-553-9245*

SCANNED